UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLES TODD DORMINY,

     Plaintiff,

v.                                       Case No.  2:25-cv-192-JLB-KCD

DETECTIVE HAILEY
DIGIOVANNI, et al.,

     Defendants.
_____/

### ORDER

Plaintiff Charles Todd Dorminy, a pre-trial detainee at the Lee County Jail, initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. 1.) Plaintiff seeks to proceed *in forma pauperis* (Doc. 2), and his complaint is now before the Court for initial screening.

For the following reasons, the Court concludes that this case must be dismissed without leave to amend.

**I.    Complaint**

Plaintiff alleges very few facts in his complaint. He asserts that, on May 23, 2024, he was arrested by five U.S. Marshals who did not explain the charges against him. (Doc. 1 at 5.) He was taken to the Fort Myers Police Department and advised by Detective Hailey Digiovanni that he was being arrested for a capital sexual battery that occurred twenty-two years ago. (Id.) Plaintiff asserts that there is no evidence, other than inadmissible hearsay, to prove that the crime occurred. (Id.) He then asserts the following:

> The plaintiff's due process rights have been violated because the plaintiff was arrested by the Lee County Sheriff and U.S. Marshals and charged with a "capitol" sexual battery charge without a grand jury indictment[.] . . . Detective Brandon V. Saucao and Sheriff Carmine Marceno, Amira D. Fox state attorney, City of Fort Myers, are liable and responsible for the false arrest and false imprisonment of the plaintiff Charles Todd Dorminy. Each defendant has violated the plaintiff's 14th and 8th Amendment constitutional rights, including Plaintiff's Due Process Rights by holding the plaintiff in the Lee County Jail without probable cause.

(Doc. 1 at 5–6 (minor edits for clarity).)   Plaintiff seeks compensatory and punitive damages.   (Doc. 1 at 8.)

## II.    Legal Standard

A prisoner who seeks to proceed *in forma pauperis* in this Court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissals for failure to state a claim under section 1915(e)(2)(B)(ii) are primarily governed by the same standard as those under Rule 12(b)(6) of the Federal Rules of Civil Procedure.   Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). However, unlike Rule 12(b)(6), section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."   Neitzke v. Williams, 490 U.S. 319, 327 (1989) (explaining that section 1915(e)(2) requires preliminary

review "largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11").

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint may not rest on " 'naked assertions[s]' devoid of 'further factual enhancement.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III.   Discussion

Plaintiff's conclusory claim that he was falsely arrested is devoid of context and does not state a claim against any defendant. As noted, Rule 8(a)(2) of the Federal Rules requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Complaints that violate Rules 8(a)(2) and 10(b)—in letter or spirit—are often called "shotgun pleadings." Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has

3

identified four categories of shotgun pleadings, including complaints (such as this one) that are conclusory, vague, or "not obviously connected to any particular cause of action." Id. at 1322. Shotgun pleadings fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323 (footnote omitted).

Here, Plaintiff's omission of specific facts to support his false arrest claim violates Rules 8(a)(2) and 10. Notably, the fact section of the complaint (Doc. 1 at 5–6) does not even mention most of the nine defendants named on the cover page, leaving them with no notice of the allegations against them.[1] And although the Court must liberally construe a *pro se* complaint, neither the Court nor the defendants is required to read between the lines to create an actionable complaint on Plaintiff's behalf. See GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action[.]") (citations omitted).

---

[1] Moreover, many of the named defendants—such as the victim of the alleged crime, the state prosecutor, the Lee County Sheriff's Department, the Cape Coral Police Department, and the judge presiding over Plaintiff's criminal prosecution—are not amenable to suit under section 1983. See Briscoe v. LaHue, 460 U.S. 325, 329 (1983) (recognizing that section 1983 does not allow recovery of damages against a private party for testimony in a judicial proceeding); Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999) (holding that state prosecutors enjoy "absolute immunity for the initiation and pursuit of criminal prosecution"); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit[.]"); McBrearty v. Koji, 348 F. App'x 437, 439 (11th Cir. 2009) ("Judges are entitled to absolute judicial immunity from damages under section 1983 for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction.").

While the Court generally allows a pro se plaintiff an opportunity to amend a shotgun pleading, the claims forming the gravamen of Plaintiff's complaint—challenges to his arrest and ongoing state criminal prosecution—are not suitable to amendment. Thus, as explained below, the dismissal is without leave to amend.

### A.   The Court will not interfere in Plaintiff's criminal prosecution.

Plaintiff's criminal trial for attempted sexual battery—which is based on the events at issue in this civil action—is scheduled to begin on May 8, 2025.[2] (See State Docket at 61.) In Younger v. Harris, the Supreme Court held that federal courts should not interfere with pending state criminal proceedings unless doing so is necessary to prevent great and immediate irreparable injury. 401 U.S. 37, 53–54 (1971). The Younger decision was based on a strong federal policy against federal-court interference with pending state judicial proceedings. Id. at 44. The Younger doctrine "applies most often in cases involving pending state criminal prosecutions." Green v. Jefferson Cnty. Comm'n, 563 F.3d 1243, 1250 (11th Cir. 2009). In those types of cases, Younger calls for federal courts to abstain when: (1) the federal action would interfere with ongoing state judicial proceedings; (2) the state proceedings implicate important state interests; (3) the underlying state proceedings afford litigants an adequate opportunity to raise federal claims; and (4) there is no showing of bad faith, harassment, or some other extraordinary

---

[2] Plaintiff is charged with attempted sexual battery on a child less than twelve years of age in case number 24-CF-000408-(RJB) from the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida. See https://matrix.leeclerk.org/Case/ViewCase (website Lee County Clerk of Court) (Search: Dorminy, Charles) Docket entries on Plaintiff's pending state criminal trial will be cited as "State Docket at ____."

circumstance that would make abstention inappropriate. See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). Plaintiff "must satisfy the Younger abstention hurdles" before this Court can grant relief. Kolske v. Watkins, 544 F.2d 762, 766 (5th Cir. 1977).

     Plaintiff does not clear those hurdles. First, he faces felony charges in Florida state court for events at issue in this complaint. And Florida has a significant interest in prosecuting the crimes that occur within its borders. See Patterson v. New York, 432 U.S. 197, 201 (1977) ("It goes without saying that preventing and dealing with crime is much more the business of the States than it is of the Federal Government[.]"). Further, Plaintiff may raise any constitutional challenges at his criminal trial and may also argue (as he does here) that the victim is untruthful; his indictment is defective; or the state's evidence is insufficient. Finally, Plaintiff neither alleges that the state prosecuting officials brought the criminal charges in bad faith—to the contrary, he argues that the victim is acting in bad faith by lying about Plaintiff's culpability—nor that irreparable injury would occur if he is prosecuted in state court for attempted sexual battery. See Younger, 401 U.S at 48, 53–54 (explaining that bad faith prosecutions are brought with no intention of securing a conviction or with the intention to harass, and irreparable injury exists if the statutes under which the plaintiff is being prosecuted are "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it"). The Court therefore abstains from considering Plaintiff's section 1983 claims.

Younger claims for monetary damages are generally stayed until the conclusion of state court proceedings instead of dismissed. See Deakins v. Monaghan, 484 U.S. 193, 202 (1988); Watson v. Fla. Jud. Qualifications Comm'n, 618 F. App'x 487, 491 (11th Cir. 2015). It is axiomatic, however, that the claims must be worth staying, which these are not. Simply put, Plaintiff has not stated a claim upon which section 1983 relief may be granted.

   **B.   Plaintiff has not stated a claim on which relief may be granted.**

Plaintiff alleges that the defendants did not have probable cause to arrest him. (Doc. 1 at 6.) The Court liberally construes the complaint as arguing that the four defendant police officers falsely arrested Plaintiff on May 23, 2024 for an alleged attempted sexual battery that occurred more than twenty years ago. And it is "well established that arrests without probable cause violate the Fourth Amendment." Grider v. City of Auburn, Ala., 618 F.3d 1240, 1258 (11th Cir. 2010). However, a lack of actual probable cause, standing alone, is insufficient to establish a cognizable section 1983 claim for false arrest. This is so because to be entitled to qualified immunity (and dismissal of the claims against him), "an officer need not have actual probable cause, but only arguable probable cause" for the arrest. See Grider, 618 F.3d at 1257 (internal quotation marks omitted). And "[a]rguable probable cause exists where reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest Plaintiff." Id. (internal quotation marks omitted). In other words, if any of the defendant law enforcement officers received information alleging that Plaintiff had committed the attempted sexual battery, they could have

7

reasonably (even if mistakenly) believed they were entitled to arrest him, and they would not be liable for false arrest.

Here, Plaintiff's booking report summarized statements from the victim and her sister who both accused Plaintiff of touching the victim in a sexual manner when she was a child.  (See State Docket at 14.)  Plaintiff does not state that the alleged victim did not accuse him of attempted sexual battery or that the witnesses did not actually say what was reported in the booking report.  Instead, he alleges that the victim either lied to the police or changed her story, names the victim as a defendant in this action, and suggests that the police should not have believed statements from the victim or her family members.  But "it is entirely reasonable for an officer to rely on the statements of the purported victims when determining whether he has probable cause to arrest."  Paulk v. Benson, No. 22-11635, 2023 WL 5624537, at *4 (11th Cir. 2023); see also Huebner v. Bradshaw, 935 F.3d 1183, 1188 (11th Cir. 2019) (explaining that an arresting officer is not "required to sift through conflicting evidence or resolve issues of credibility" before making an arrest).  Thus, the complaint does not allege sufficient facts to describe how or why law enforcement lacked probable cause to arrest Plaintiff, and it likewise does not allege facts sufficient to meet the higher standard of "arguable" probable cause. Accordingly, Plaintiff has not stated a claim for false arrest or false imprisonment,[3] and staying this case until the conclusion of Plaintiff's criminal trial would be futile.

---

[3] "A § 1983 claim of false imprisonment requires a showing of common law false imprisonment and a due process violation under the Fourteenth Amendment." Campbell v. Johnson, 586 F.3d 835, 840 (11th Cir. 2009).  Here, Plaintiff undergirds his (liberally construed) claim for false imprisonment on the absence of

8

## IV. Conclusion

The Court abstains under Younger v. Harris from considering Plaintiff's section 1983 claims. Alternatively, Plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court concludes that a more carefully drafted complaint could not overcome the deficiencies of this action to state a federal claim. Therefore, the dismissal is without leave to amend. See Johnson v. Boyd, 568 F. App'x 719, 723 (11th Cir. 2014) (explaining that a district court need not grant leave to amend if a more carefully drafted complaint could not state a claim and would be, therefore, futile).

Accordingly, it is **ORDERED**:

1. The Court abstains from considering the allegations in this complaint. Alternatively, Plaintiff's claims are **DISMISSED** for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). This case is therefore **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on April 9, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

---

probable cause during his arrest. But he has not made this showing, and under Florida law, the existence of probable cause during an arrest constitutes an affirmative defense to a state law claim of false imprisonment based on that arrest. See Bolanos v. Metropolitan Dade Co., 677 So.2d 1005, 1005 (Fla. 3d DCA 1996) ("[P]robable cause is a complete bar to an action for false arrest and false imprisonment[.]").